Citation Nr: 1508822 
Decision Date: 02/27/15 Archive Date: 03/11/15

DOCKET NO. 13-03 789 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Newark, New Jersey


THE ISSUES

1. Entitlement to an initial disability rating in excess of 10 percent for osteoarthritis of the 1st metatarsophalangeal joint of the right foot. 

2. Entitlement to an initial disability rating in excess of 10 percent for osteoarthritis of the 1st metatarsophalangeal joint of the left foot. 


REPRESENTATION

Appellant represented by: New Jersey Department of Military and Veterans' Affairs


ATTORNEY FOR THE BOARD

G. Fraser, Associate Counsel


INTRODUCTION

The Veteran served on active duty from January 1981 to August 1996. This case comes before the Board of Veterans' Appeals (Board) on appeal of a November 2010 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in Newark, New Jersey.

When this case was before the Board in November 2013, it was remanded for further development. Substantial compliance with the Board's remand has been accomplished. 

The record before the Board consists of electronic records within Virtual VA and the Veterans Benefits Management System (VBMS).


FINDINGS OF FACT

1. Throughout the period of the claim, the impairment from the Veteran's osteoarthritis of the 1st metatarsophalangeal joint of the right foot has been less than severe and has not been equivalent to amputation of the great toe; the metatarsal head has not been resected. 

2. Throughout the period of the claim, the impairment from the Veteran's osteoarthritis of the 1st metatarsophalangeal joint of the left foot has been less than severe and has not been equivalent to amputation of the great toe; the metatarsal head has not been resected.


CONCLUSIONS OF LAW

1. The criteria for a rating in excess of 10 percent for osteoarthritis of the 1st metatarsophalangeal joint of the right foot have not been met. 38 U.S.C.A. § 1155 (West 2014); 38 C.F.R. § 4.71a, Diagnostic Codes 5010, 5280, 5284 (2014).

2. The criteria for a rating in excess of 10 percent for osteoarthritis of the 1st metatarsophalangeal joint of the left foot have not been met. 38 U.S.C.A. § 1155 (West 2014); 38 C.F.R. § 4.71a, Diagnostic Codes 5010, 5280, 5284 (2014).


REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

Duties to Notify and Assist

The Veterans Claims Assistance Act of 2000 (VCAA), codified in pertinent part at 38 U.S.C.A. §§ 5103, 5103A (West 2014), and the pertinent implementing regulation, codified at 38 C.F.R. § 3.159 (2014), provide that VA will assist a claimant in obtaining evidence necessary to substantiate a claim but is not required to provide assistance to a claimant if there is no reasonable possibility that such assistance would aid in substantiating the claim. 

They also require VA to notify the claimant and the claimant's representative, if any, of any information, and any medical or lay evidence, not previously provided to the Secretary that is necessary to substantiate the claim. As part of the notice, VA is to specifically inform the claimant and the claimant's representative, if any, of which portion, if any, of the evidence is to be provided by the claimant and which part, if any, VA will attempt to obtain on behalf of the claimant. 

The Board also notes the United States Court of Appeals for Veterans Claims has held that the plain language of 38 U.S.C.A. § 5103(a) requires that notice to a claimant pursuant to the VCAA be provided 'at the time' that or 'immediately after' VA receives a complete or substantially complete application for VA-administered benefits. Pelegrini v. Principi, 18 Vet. App. 112, 119 (2004). The timing requirement enunciated in Pelegrini applies equally to the initial-disability-rating and effective-date elements of a service-connection claim. Dingess v. Nicholson, 19 Vet. App. 473 (2006).

The Veteran was provided all required notice in a letter mailed in June 2010, prior to the initial adjudication of the claims. 
The Board also finds VA has complied with its duty to assist the Veteran in the development of his claim. The record reflects his complete service treatment records (STRs), as well as all available post-service medical evidence identified by the Veteran have been obtained. The Veteran has also been afforded an opportunity for a hearing before a Decision Review Officer or before the Board, but declined to do so. Additionally, the Veteran underwent a VA examination in September 2010. The Board notes that the Veteran was twice scheduled for a VA examination in February 2014; however, the notification provided from the VAMC indicates the Veteran failed to report for those examinations. The Veteran has not alleged that he did not receive notice of the examinations, and he has not indicated that he would appear for another examination if one were scheduled. As a result of the Veteran's failure to cooperate, the Board will decide the appeal without the benefit of another VA examination. See Wood v. Derwinski, 1 Vet. App. 190, 193 (1991). 

Neither the Veteran nor his representative has identified any outstanding evidence that could be obtained to substantiate the claims; the Board is also unaware of any such evidence. 

Accordingly, the Board will address the merits of the claims.

General Legal Criteria

Disability evaluations are determined by the application of the VA's Schedule for Rating Disabilities (Rating Schedule), 38 C.F.R. Part 4 (2014). The percentage ratings contained in the Rating Schedule represent, as far as can be practicably determined, the average impairment in earning capacity resulting from diseases and injuries incurred or aggravated during military service and their residual conditions in civil occupations. 38 U.S.C.A. § 1155 (West 2014); 38 C.F.R. §§ 3.321(a), 4.1 (2014). 

Where a question arises as to which of two ratings applies under a particular code, the higher rating is assigned if the disability more closely approximates the criteria for the higher rating. 38 C.F.R. § 4.7 (2014).

The combined rating for disabilities of an extremity shall not exceed the rating for the amputation at the elective level, were amputation to be performed. 38 C.F.R. § 4.68 (2014).

In both initial rating claims and normal increased rating claims, the Board must discuss whether "staged ratings" are warranted, and if not, why not. Fenderson v. West, 12 Vet. App. 119 (1999); Hart v. Mansfield, 21 Vet. App. 505 (2007). 

It is not expected, especially with the more fully described grades of disabilities, that all cases will show all the findings specified; findings sufficiently characteristic to identify the disease and the disability therefrom are sufficient; and above all, a coordination of rating with impairment of function will be expected in all cases. 38 C.F.R. § 4.21 (2014).

The evaluation of the same disability under various diagnoses is to be avoided. 38 C.F.R. § 4.14 (2014). Section 4.14 does not preclude the assignment of separate evaluations for separate and distinct symptomatology where none of the symptomatology justifying an evaluation under one diagnostic code is duplicative of or overlapping with the symptomatology justifying an evaluation under another diagnostic code. Esteban v. Brown, 6 Vet. App. 259, 262 (1994).

Except as otherwise provided by law, a claimant has the responsibility to present and support a claim for benefits under the laws administered by VA. VA shall consider all information and medical and lay evidence of record. Where there is an approximate balance of positive and negative evidence regarding any issue material to the determination of a matter, VA shall give the benefit of the doubt to the claimant. 38 U.S.C.A. § 5107; 38 C.F.R. §§ 3.102, 4.3 (2014); see also Gilbert v. Derwinski, 1 Vet. App. 49, 53 (1990). To deny a claim on its merits, the evidence must preponderate against the claim. Alemany v. Brown, 9 Vet. App. 518, 519 (1996), citing Gilbert, 1 Vet. App. at 54.




Factual Background and Analysis

In accordance with 38 C.F.R. §§ 4.1, 4.2, 4.41, 4.42 (2014) and Schafrath v. Derwinski, 1 Vet. App. 589 (1991), the Board has reviewed all evidence of record pertaining to the history of the service-connected disabilities. The Board has found nothing in the historical record which would lead to the conclusion that the current evidence of record is not adequate for rating purposes. Moreover, the Board is of the opinion that this case presents no evidentiary considerations which would warrant an exposition of remote clinical histories and findings pertaining to the disabilities under review. The Board also notes that the resolution of these claims involves the application of identical law to similar facts. As such, the issues will be addressed together.

The Veteran filed a claim for service connection for an unspecified right and left foot disabilities in May 2010. In a November 2010 rating decision, he was awarded service connection for left and right great toe osteoarthritis involving the metatarsophalangeal joint. The RO assigned a 10 percent evaluation for each toe. The Veteran disagreed with the assigned ratings. 

The Veteran's bilateral osteoarthritis of the 1st metatarsophalangeal joint has been evaluated by the RO under diagnostic code 5010. Diagnostic code 5010 is a general diagnostic code that is to be used to evaluate traumatic arthritis that is not otherwise covered by diagnostic codes 5276 through 5283. 

Traumatic arthritis will be rated on the basis of limitation of the affected parts as degenerative arthritis. 38 C.F.R. § 4.71a, Diagnostic Code 5010. 

Degenerative arthritis established by X-ray findings will be rated on the basis of limitation of motion under the appropriate diagnostic code(s) for the specific joint(s) involved. When however, the limitation of motion of the specific joint or joints involved is noncompensable under the appropriate diagnostic codes, a rating of 10 percent is for application for each such major joint or group of minor joints affected by limitation of motion. Under this diagnostic code, a 20 percent rating is warranted when there is X-ray evidence of involvement of 2 or more major joints or 2 or more minor joint groups, with occasional incapacitating exacerbations. 38 C.F.R. § 4.71a, Diagnostic Code 5003. 

By analogy, hallux valgus is rated under the criteria of 38 C.F.R. § 4.71a, Diagnostic Code 5280 (hallux valgus, unilateral). A rating of 10 percent is awarded for hallux valgus operated with resection of the metatarsal head, as well as for severe hallux valgus equivalent to amputation of the great toe. There is no provision for a rating higher than 10 percent under Diagnostic Code 5280.

Amputation of the great toe is rated under the criteria of Diagnostic Code 5171, under which a rating of 10 percent is awarded for amputation without metatarsal removal. A rating of 30 percent is awarded for amputation with removal of the metatarsal head. The Veteran has not undergone amputation of either great toe or removal of either metatarsal head. Therefore, a higher rating under Diagnostic Code 5171 is not warranted for either disability.

Relative to the Veteran's osteoarthritis of the 1st metatarsophalangeal joints, the Veteran underwent an initial VA examination on September 21, 2010. At that time, he stated the tops of his mid feet were painful; however, he indicated the pain did not limit his ability to work. The Veteran also denied any flare ups of the condition, but stated he did use full-length orthotic insoles. The examiner stated the Veteran had no evidence of swelling, tenderness, instability, weakness, or other weight bearing abnormalities. X-rays taken the day of the examination did reveal arthritic spurs in the bilateral first metatarsal. The examiner diagnosed the Veteran with osteoarthritis of the 1st metatarsophalangeal joints. 

As noted above, the Veteran failed to appear for two VA examinations in February 2014. 

The Veteran's outpatient treatment notes from the Patterson Army Health Clinic and Riverview Foot and Ankle Associates show treatment for intermittent mid foot pain. From January to April 2010, the Veteran received treatment at these facilities, and was twice prescribed orthotic inserts from a podiatrist. 

Based on the foregoing, the Board has determined the preponderance of the evidence is against the assignment of a rating in excess of 10 percent for the left and right foot osteoarthritis of the 1st metatarsophalangeal joints. The Board has considered the Veteran's statements regarding these disabilities and finds that they are competent and credible; however, these statements simply to not show the Veteran warrants a higher disability rating. The above noted evidence indicates the Veteran's great toe arthritis has been manifested by pain. The Veteran has not alleged and the evidence does not otherwise indicate the Veteran has experienced incapacitating episodes as a result of his bilateral great toe osteoarthritis. Moreover, on review of the evidence above the Board notes the Veteran's current 10 percent rating for each great toe is the highest evaluation available under the applicable rating criteria; it is also the highest evaluation available under the "amputation rule."

The Board has considered whether there is any other schedular basis for granting a higher or separate rating, but has found none. In particular, the Board notes that Diagnostic Code 5276 is not for application because the great toe osteoarthritis is not comparable to pes planus. Similarly, Diagnostic Codes 5278 and 5283 are not for application because there is no objective evidence of acquired claw foot (pes cavus) or malunion or nonunion of the tarsal or metatarsal bones, respectively, and great toe osteoarthritis is not comparable to those disabilities. Finally, the objective evidence of record does not support a finding that the Veteran's great toe osteoarthritis is comparable to the moderately severe foot disability required for a 20 percent rating under Diagnostic Code 5284, as the evidence indicates the Veteran's disability is confined to his great toes alone. 

Additional Considerations

VA must consider all favorable lay evidence of record. 38 USCA § 5107(b); Caluza v. Brown, 7 Vet. App. 498 (1995). The Board has accordingly considered the lay evidence offered by the Veteran in the form of correspondence, in addition to the medical evidence cited above.

However, even affording the Veteran full competence and credibility, the evidence simply does not show entitlement to a higher rating under any applicable diagnostic code. 

Consideration has been given to assigning a staged rating for the disabilities decided herein; however, as explained above, the evidence does not show the disabilities on appeal have substantially fluctuated in severity over the pendency of the appeal period. As such, a staged rating is not applicable in this case. See Fenderson v. West, 12 Vet. App. 119 (1999); Hart v. Mansfield, 21 Vet. App. 505 (2007).

The Board has considered whether the case should be referred to the Director of the Compensation and Pension Service for extra-schedular consideration. In determining whether a case should be referred for extra-schedular consideration, the Board must compare the level of severity and the symptomatology of the claimant's disabilities with the established criteria provided in the rating schedule for each disability. If the criteria reasonably describe the claimant's disability level and symptomatology, then the disability picture is contemplated by the rating schedule, the assigned evaluation is therefore adequate, and no referral for extra-schedular consideration is required. Thun v. Peake, 22 Vet. App. 111, 115 (2008). 

In this case, the manifestations of the service-connected disabilities, as discussed above, are contemplated by the schedular criteria. In addition, the schedule provides higher ratings for greater impairment. There is no indication in the record that the average industrial impairment from the right or left great toe osteoarthritis would be greater than 10 percent, or that the impairment from these disabilities in combination would be greater than that contemplated by the schedular criteria. The Board has therefore determined that referral of this case for extra-schedular consideration under 38 C.F.R. § 3.321(b) is not in order. 

 (CONTINUED ON NEXT PAGE)

ORDER

Entitlement to an initial disability rating higher than 10 percent for osteoarthritis of the 1st metatarsophalangeal joint of the right foot is denied. 

Entitlement to an initial disability rating higher than 10 percent for osteoarthritis of the 1st metatarsophalangeal joint of the left foot is denied. 



_________________________________________________
Shane A. Durkin
Veterans Law Judge, Board of Veterans' Appeals


Department of Veterans Affairs